UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EDWARD MENNES,                                   Case No. 13-cv-822

        Plaintiff,

vs.

CAPITAL ONE, N.A. and HSBC CARD
SERVICES INC.,

        Defendants.

---

## AMENDED COMPLAINT

---

NOW COMES, Plaintiff, Edward Mennes, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendants, Capital One, N.A. (hereinafter "Defendant Capital One") and HSBC Card Services, Inc., (hereinafter "Defendant HSBC") and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from a credit report dispute, an incorrect reporting of a discharged debt, and improper collection actions of a debt collector.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. § 421 *et seq*.

**Jurisdiction and Venue**

3. Plaintiff brings this action for alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (hereinafter "FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. § 421 *et seq.* (hereinafter "WCA").

4. This Court has jurisdiction over the claims arising under the Fair Credit Reporting Act and the Fair Debt Collection Practice Act under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

5. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred and by the FDCPA within one year from the date on which the violation occurred.

6. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. § 1367, because the WCA claims are related to the FDCPA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendant resides.  Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**Parties**

8. Plaintiff Edward Mennes (hereinafter "Mr. Mennes") is a natural person who resides in the city of Madison, County of Dane, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Capital One is a foreign corporation with a principal office of 1680 Capital One Drive, McLean, VA 22102 and a registered agent of Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond VA, 23219.

10. Defendant Capital One is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

11. Defendant Capital One is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant Capital One is a "debt collector" pursuant to Wis. Stat. §427.103(3).

13. Defendant HSBC is a foreign corporation with a principal office of 26525 N. Riverwoods Blvd., Mettawa, IL 60070 and a registered agent of CT Corporation System, 8040 Excelsior Dr., Ste. 200, Madison, WI 53717.

14. Defendant HSBC is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## Factual Allegations

15. Mr. Mennes previously had a credit card with Defendant HSBC.

16. Mr. Mennes was eventually faced with being unable to pay what he owed to Defendant HSBC.

17. Defendant HSBC then issued a 1099-C "Cancellation of Debt" for the 2011 tax year, stating that the debt of $5,135.55 was canceled on November 12, 2011.  **See Exhibit A.**

18. Upon information and belief, Defendant Capital One either 1) has a policy whereby they decided to discontinue collection activity and discharge his debt, resulting in the discharge of Mr. Mennes's debt or 2) made a decision to discharge the debt of Mr. Mennes.

3

19. Due the discharge of Mr. Mennes's debt, Defendant Capital One issued a 1099-C to Mr. Mennes, as required by 26 C.F.R. § 1.6050R-1(b)(2)(i)(G).

20. In February 2013, Mr. Mennes obtained a copy of his credit report and found that the HSBC card was being reported as "charged off" with a balance due even though the debt had been discharged in 2011.

21. Mr. Mennes disputed the information with the Consumer Reporting Agencies as he believed this to be an inaccurate statement, because there was no balance due as the debt had been previously cancelled and discharged.

22. After the April 3, 2013, dispute with Trans Union, the account balance was reporting $6,515 as past due and owing.

23. After the April 5, 2013, dispute with Equifax, the account balance was reporting $6,515 as past due and owing.

24. After the May 30, 2013, dispute with Trans Union, the account balance was reporting $6,515 as past due and owing.

25. After the July 3, 2013, dispute with Trans Union, the account balance was reporting $6,515 as past due and owing.

26. On August 1, 2013, Defendant Capital One sent a letter to Mr. Mennes, informing him that the account would be reported as, "Unpaid balance of $6,515.27 reported as a loss/charge-off." **See Exhibit B.**

27. When he reviewed his credit reports, each report stated that Defendant Capital One was reporting that $6,515 was past due and owing.

28. After the August 23, 2013, dispute with Equifax (confirmation #3212004521), the account balance was reporting that $6,515 was past due and owing.

29. After the September 16, 2013, dispute with Trans Union, the account balance was reporting that $6,515 was past due and owing.

30. After multiple disputes, Defendant HSBC is still reporting the debt to Mr. Mennes' credit report with a balance due and owing.

31. The Defendant has false information on Mr. Mennes credit report as the debt has been discharged.

32. Defendants HSBC and Capital One are attempting to collect the debt, as the account is listed as a "charge off" with a balance due, indicating that collection attempts can still be made.

## Count 1 – Defendant HSBC's Violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.*)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant HSBC prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

35. Defendant HSBC violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Plaintiff's credit report to accurately reflect the status of the account.

36. As a result of Defendant HSBC's failures to correct their erroneous and derogatory credit reporting, much of which is ongoing, Plaintiff has suffered reduced credit access, credit denial, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

37. Because Defendant HSBC repeatedly failed to investigate Mr. Mennes disputes, Defendant HSBC's violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

38. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## Count 2 – Defendant Capital One's Violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.*)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant Capital One purchased the HSBC account portfolio on May 1, 2012.

41. Defendant Capital One, as owner of Mr. Mennes' HSBC account, prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

42. Defendant Capital One violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant

information available, and by failing to update Plaintiff's credit report to accurately reflect the status of the account.

43. As a result of Defendant Capital One's failures to correct their erroneous and derogatory credit reporting, much of which is ongoing, Plaintiff has suffered reduced credit access, credit denial, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

44. Because Defendant Capital One repeatedly failed to investigate Mr. Mennes disputes, Defendant Capital One's violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

45. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## Count 3 – Capital One's Violations of the Fair Debt Collection Practices Acts (15 U.S.C. §1692)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Mr. Mennes defaulted on his payments to HSBC before the debt was cancelled and discharged on November 12, 2011.

48. Defendant Capital One bought the HSBC accounts in 2012.

49. Since Defendant Capital One bought the account while it was in default, it is a debt collector under the FDCPA.

50. Given the credit disputes by Mr. Mennes, Defendant Capital One knew or had reason to know that the information that continued to be reported to the credit bureau was false in violation of 15 U.S.C. § 1692e(8).

51. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## Count 4 – Violations of the Wisconsin Consumer Act, Defendant Capital One (Wis. Stat. § 427.104(c))

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Under Wis. Stat. § 427.104(c), a debt collector cannot "[d]isclose or threaten to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false."

54. Defendant Capital One knew or had reason to know that the information that the balance that continued to be reported to the credit bureaus was false as they had been made aware of the problem through the Plaintiff's multiple disputes.

55. Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions.

56. As a result of each and every Defendant's violations of the WCA, Plaintiffs are entitled to actual damages and statutory damages pursuant to Wis. Stat. §427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308, from the Defendant.

## Count 5 – Violation of the Fair Debt Collection Practices Act, Defendant Capital One (15 U.S.C. §1692)

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Mr. Mennes defaulted on his payments to HSBC before the debt was cancelled and discharged on November 12, 2011.

59. Defendant Capital One bought the HSBC accounts in 2012.

60. Since Defendant Capital One bought the account while it was in default, it is a debt collector under the FDCPA.

61. Defendant Capital One communicated with Mr. Mennes via mail (**see Exhibit B**), but failed to include in that communication that the communication was in an attempt to collect a debt and that any information would be used for that purpose, which is required under 15 U.S.C. §1692(e)(11).

62. As a result of each and every Defendant's violation of the FDCPA, Mr. Mennes is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

## Trial by Jury

63. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Mr. Mennes prays that this Court will enter an Order:

A. For an award of actual damages pursuant against each Defendant for the Plaintiff;

B. Statutory and punitive damages against each Defendant pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

D. For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant Capital One for the Plaintiff;

E. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant Capital One for the Plaintiff;

F. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant Capital One;

G. Actual and statutory damages pursuant to Wis. Stat. §427 et al. against Defendant Capital One;

H. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308 against Defendant Capital One; and

I. For such other and further relief as may be just and proper.

Dated this 27th day of May, 2014.

DeLadurantey Law Office, LLC

/s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
Heidi N. Miller, 1087696
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI  53233
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
E: heidi@dela-law.com