IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD MENNES,

                                                      OPINION AND ORDER

               Plaintiff,

                                                      13-cv-822-bbc

    v.

CAPITAL ONE, N.A. and
HSBC CARD SERVICES INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action, defendants Capital One, N.A. and HSBC Card Services Inc. have filed a motion to dismiss counts one through four of plaintiff Edward Mennes's amended complaint. Dkt. #21. Plaintiff's original and amended complaints contain the same five counts. In the first four counts, plaintiff alleges that defendants falsely reported information on his credit report and then failed to take reasonable steps to correct it, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 (counts one and two), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (count three), and the Wisconsin Consumer Act, Wis. Stat. §427.104(1)(c) (count four). In particular, plaintiff alleges that his debt "was being reported as 'charged off' with a balance due even though the debt had been discharged in 2011." Am. Compl., dkt. #21, at ¶20. (In count five, plaintiff contends that Capital One violated the Fair Debt Collection Practices Act by failing to inform him that a letter it sent to plaintiff was an attempt to collect a debt, but that count is not at issue in defendant's renewed

1

motion to dismiss).

In a prior opinion and order, this court dismissed counts one through four of plaintiff's original complaint without prejudice, "allowing plaintiff until May 27, 2014 to file an amended complaint adding allegations to support his claim that his debt was actually canceled." Op., dkt. #17, at 2. Plaintiff filed an amended complaint, dkt. #21, but defendants argue in their renewed motion to dismiss that plaintiff has failed to fix the problem identified in the previous order and opinion. Dfts.' Br., dkt. #25, at 2. Having reviewed the amended complaint and the parties' briefs, I am granting defendants' motion to dismiss counts one through four of the amended complaint because the complaint still fails to support plaintiff's claim that his debt was actually canceled.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

Plaintiff Edward Mennes, a resident of Madison, Wisconsin, had a credit card issued by defendant HSBC Card Services, Inc. When plaintiff was unable to pay his outstanding balance, defendant HSBC issued a Form 1099-C "Cancellation of Debt" for the 2011 tax year, stating that the debt of $5,135.55 was canceled on November 12, 2011.

Defendant Capital One, N.A. furnishes consumer information and performs debt collection. On May 1, 2012, it purchased HSBC's account portfolio, including plaintiff's account.

In February 2013, plaintiff obtained a copy of his credit report and found that the

HSBC card was being reported as "charged off" with a balance due, even though the debt had been canceled. Plaintiff began the dispute process through Trans Union and Equifax and obtained the following results:

- After an April 3, 2013 dispute with Trans Union, the account balance was $6,515 and reported as "charged off."

- After an April 5 dispute with Equifax, the account balance was $6,515 and reported as "charged off."

- After a May 30, 2013 dispute with Trans Union, the account balance was $6,515 and reported as "charged off."

- After a July 3, 2013 dispute with Trans Union, the account balance was $6,515 and reported as "charged off."

On August 1, 2013, defendant Capital One wrote to plaintiff, informing him that "[w]e have received your credit bureau dispute regarding the DIRECT MERCHANTS BANK account" and "have received and processed multiple disputes regarding this Account." Dkt. #1, Exh. B. Capital One went on to state that after investigation, it was "reporting the account status" as "Unpaid balance of $6,515.27 reported as a loss/charge-off." Id.

On August 23, 2013, plaintiff filed a dispute with Equifax; on September 16, 2013, he filed a dispute with Trans Union. After the filing of each dispute, the account balance was $6,515 and reported as "charged off."

After the multiple disputes, defendant HSBC Card Services, Inc. is still reporting the debt to plaintiff's credit report as "charged off" with a balance due and owing. Defendants have left this information on plaintiff's credit report and are attempting to collect the debt because a "charge off" with a balance due indicates that collection attempts can still be made.

OPINION

In his original complaint, dkt. #1, plaintiff alleged that "defendants falsely reported his debt as 'charged off with a balance due' because defendant HSBC filed a Form 1099-C, which [plaintiff] believes discharged his debt without any obligation for repayment." Op., dkt. #17, at 6. In granting defendant's first motion to dismiss, I concluded that 26 C.F.R. §1.6050P-1 "requires the filing of Form 1099-C regardless whether the debt has actually been discharged" and that "actual discharge of the debt is only one of the identifiable events that triggers the filing of a 1099-C form." Id. at 11. Thus, "the filing of a 1099-C form does not by itself evidence debt cancellation." Id. at 12. I gave plaintiff an opportunity to re-plead claims one through four and "add[] allegations to support his claim that his debt was actually cancelled." Op., dkt. #17, at 12.

In his amended complaint, the only substantive additions plaintiff made are in paragraphs 18 and 19:

> 18. Upon information and belief, Defendant HSBC either 1) has a policy whereby they decided to discontinue collection activity and discharge [plaintiff's] debt, resulting in the discharge of Mr. Mennes's debt or 2) made a decision to discharge the debt of Mr. Mennes.
>
> 19. Due to the discharge of Mr. Mennes's debt, Defendant HSBC issued a 1099-C to Mr. Mennes, as required by 26 C.F.R. § 1.6050R-1(b)(2)(i)(G).

Am. Compl., dkt. #21. However, these two additional paragraphs are not enough to survive defendants' motion to dismiss because the new allegations are speculative and conclusory. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (court is "not bound to accept as true a legal conclusion couched as a factual allegation"); Atkins v. City of Chicago, 631 F.3d 823, 830-

32 (7th Cir. 2011) (to avoid dismissal, plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level").

Paragraph 18 simply restates the language in 26 C.F.R. §1.6050P-1(b)(2)(i)(G), which states that "discharge of indebtedness is deemed to have occurred" if there has been "a decision by the creditor, or the application of a defined policy of the creditor, to discontinue collection activity and discharge debt." Repeating the words of the regulation is not enough. Ashcroft, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss.") Because plaintiff does not allege any facts to support a belief that defendants made a decision to discharge the debt or had a policy to do so, I cannot accept paragraph 18 as true.

In paragraph 19, plaintiff relies on the 1099-C form to support an allegation that his debt was discharged, but, as noted above, I rejected the view that the form was sufficient on its own to raise plaintiff's claim above the speculative level. Accordingly, I am granting defendants' renewed motion to dismiss counts one through four of the amended complaint because plaintiff has not "add[ed] allegations to support his claim that his debt was actually cancelled."

ORDER

IT IS ORDERED that

1. The motion to dismiss counts 1, 2, 3 and 4 of the amended complaint filed by

5

defendants Capital One, N.A. and HSBC Card Services Inc., dkt. #24, is GRANTED. Counts 1, 2, 3 and 4 of the amended complaint are DISMISSED with prejudice.

 2. This case will proceed with respect to count 5 of the amended complaint.

Entered this 10th day of October, 2014.

          BY THE COURT:
          /s/
          BARBARA B. CRABB
          District Judge