IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD MENNES,

                OPINION AND ORDER

    Plaintiff,

                  13-cv-822-bbc

 v.

CAPITAL ONE, N.A. and
HSBC CARD SERVICES INC.,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In this civil action, plaintiff Edward Mennes contends that defendant Capital One, N.A. violated the Fair Debt Collection Practices Act by failing to inform him that a letter it sent him was an attempt to collect a debt. (In a previous order dismissing several of plaintiff's claims, I overlooked the fact that plaintiff did not name defendant HSBC Card Services, Inc. in his only remaining claim in the case. HSBC will be dismissed in this order.) Now plaintiff has asked the court for leave to amend his complaint to add allegations that defendant sent letters to a class of people that violated the Act in similar ways. Dkt. #36. Defendant opposes this amendment as unduly delayed, prejudicial and futile. Plaintiff has asked the court to allow him to file a brief in reply. Dkt. #45. Plaintiff's motion will be granted, but because plaintiff does not explain why he waited so long to amend his complaint and because this untimely amendment would burden defendant and the court, plaintiff's motion will be denied and I need not consider defendant's futility argument.

1

Accordingly, plaintiff's motions for class certification, dkt. #37, and to stay that motion, dkt. #38, will be denied as moot.

OPINION

This case has been pending for more than 13 months and has survived two motions to dismiss, leaving plaintiff with one count against one defendant. The deadline for filing dispositive motions passed in October 2014; discovery is set to end on March 13, 2015; and trial is scheduled for April 2015 on plaintiff's remaining claim. Plaintiff now asks the court for leave to amend his complaint to add allegations that would allow him to litigate his claim against defendant Capital One as a class action.

Under Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend the complaint] when justice so requires," but "leave to amend is 'inappropriate where there is undue delay . . . [and] undue prejudice to the opposing party by virtue of allowance of the amendment' [among other things] . . . ." Feldman v. American Memorial Life Insurance Co., 196 F.3d 783, 793 (7th Cir. 1999) (quoting Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir.1992)).

Given the substantial changes to the litigation plaintiff proposes, it is surprising that he provides almost no justification for failing to include the class action allegations in his original or first amended complaints or for waiting until now to seek leave for these amendments. Plaintiff says that it was not until his other claims were dismissed that his suit became a good vehicle for a class action. Maybe so, but he does not explain why he waited nearly three months after the court dismissed those claims to file his amended complaint.

He also argues that discovery has been stayed for much of the litigation, but he does not say that he required discovery to assert the class allegations, and for good reason: plaintiff's new allegations provide no details about potential class members and state only that "Upon information and belief, the class is so numerous that joinder of all members is impracticable. Only the Defendant knows the precise number of Class members." Plt.'s Proposed Am. Cpt., dkt. #36, at 3.

In light of the advanced stage of this case, defendant would be unduly prejudiced if required to prepare its defense under these deadlines in a case that transformed from a straightforward claim with a single plaintiff to a class action involving much more significant discovery demands and much higher stakes. Further, plaintiff has not explained whether it is possible for these deadlines to remain in place if he must give notice to class members before proceeding to trial. If the deadlines are struck, it would be necessary to start over in litigation that began more than a year ago. Plaintiff provides no justification for imposing this burden. King v. Cooke, 26 F.3d 720, 724 (7th Cir. 1994) ("[A] party seeking an amendment carries the burden of proof in showing that no prejudice will result to the non-moving party."); Perrian, 958 F.2d at 195 ("The burden to the judicial system can justify a denial of a motion to amend 'even if the amendment would cause no hardship at all to the opposing party.'") (quoting Tamari v. Bache & Co. (Lebanon) S.A.L., 838 F.2d 904, 909 (7th Cir. 1988)).

Plaintiff says only that he believes defendant's counsel is "amen[]able" to changing the discovery deadline, which defendant disputes and which fails to address the issues of the

3

dispositive motions deadline, the trial date and the work defendant has already put in to defending this lawsuit. Because plaintiff's amendments would burden the court and unduly prejudice defendant and because plaintiff has given no explanation for his delay, his motion will be denied.

ORDER

IT IS ORDERED that

1. Plaintiff Edward Mennes's motion for leave to file a brief in reply, dkt. #45, is GRANTED.

2. Plaintiff's motion for leave to amend his complaint, dkt. #36, is DENIED.

3. Plaintiff's motions for class certification, dkt. #37, and to stay that motion, dkt. #38, are DENIED as moot.

4. Defendant HSBC Card Services, Inc. is DISMISSED.

Entered this 22d day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge